# District of Columbia
# Court of Appeals

F I L E D

APR 30 2025

DISTRICT OF COLUMBIA
COURT OF APPEALS

No. 24-CV-0441

JOANNE TAYLOR-COTTEN,
                    Appellant,

v.

DISTRICT OF COLUMBIA, *et al.*,
                    Appellees.

2024-CAB-000108

BEFORE: Easterly, Deahl, and Shanker, Associate Judges.

## A M E N D E D   O R D E R

On consideration of appellant's petition for rehearing, it is

ORDERED that appellant's petition for rehearing is denied.

## PER CURIAM

Copies emailed to:

Honorable Shana Frost Matini

Director, Civil Division

Copy mailed to:

Joanne Taylor-Cotten
12405 Gable Lane
Fort Washington, MD 20774

**No. 24-CV-0441**

Copies e-served to:

Caroline Van Zile, Esquire
Solicitor General – DC

Jeremy R. Girton, Esquire
Attorney General – DC

kw

𝕯istrict of Columbia
Court of Appeals



F I L E D

**APR 2 2025**

DISTRICT OF COLUMBIA
COURT OF APPEALS

No. 24-CV-0441

JOANNE TAYLOR-COTTEN,

　　　　　　　　Appellant,

v.

DISTRICT OF COLUMBIA, *et al.*,

　　　　　　　　Appellees.

**2024-CAB-000108**

BEFORE:　Easterly, Deahl, and Shanker, Associate Judges.

### JUDGMENT

On consideration of appellees' motion for summary affirmance and appellant's opposition thereto, and appellant's brief and appendix, it is

ORDERED that the motion for summary affirmance is granted. *See Oliver T. Carr Mgmt., Inc. v. Nat'l Delicatessen, Inc.*, 397 A.2d 914, 915 (D.C. 1979) (per curiam). We affirm the trial court's dismissal of appellant's breach of contract action as barred by the three-year statute of limitations. *See* D.C. Code § 12-301(a)(7); *see also Tovar v. Regan Zambri Long, PLLC*, 321 A.3d 600, 615 (D.C. 2024) (explaining that this court reviews de novo a trial court's dismissal of a complaint as time-barred). Here, appellant claims appellees breached a collective bargaining agreement (CBA) during the 2015-2016 academic year by failing to transfer her to Ballou High School to fill an open counselor position, yet she did not file this action until January 2024, well outside the limitations period. We are not persuaded by appellant's contention that a different limitations period applies, such as her claim that the limitations period for "instrument[s] under seal" is applicable. D.C. Code § 12-301(a)(6). Appellant, who did not include a copy of the CBA with her complaint, offered nothing to support the suggestion that the CBA is a sealed instrument. And the copy of the CBA she includes in her appendix on appeal does not reflect that it is a sealed instrument; it does not contain any actual seal or any notation indicating that it was made under seal. Likewise, appellant's arguments for tolling, some of which are raised for the first time on appeal, are unavailing. Appellant cannot benefit from tolling orders during the COVID-19 pandemic because "the statute of limitations had already run before that tolling occurred," *Taylor-Cotten v. District of Columbia*, No. 22-CV-0515, Judgment at 2 (March 6,

**No. 24-CV-0441**

2023); the continuous wrong doctrine is not applicable here, *see Jones v. Howard Univ.*, 574 A.2d 1343, 1346 (D.C. 1990) ("[T]he mere failure to right a wrong and make plaintiff whole cannot be a continuing wrong which tolls the statute of limitations." (internal quotation marks omitted)); several of appellant's claimed grounds for tolling are inapplicable to the circumstance at issue; and the mere existence of a breach does not toll the time to file a breach of contract claim. It is

FURTHER ORDERED and ADJUDGED that the order on appeal is affirmed.

ENTERED BY DIRECTION OF THE COURT:

*Julio A. Castillo*

JULIO A. CASTILLO
Clerk of the Court

Copies e-served to:

Honorable Shana Frost Matini

QMU – Civil Division

Caroline Van Zile, Esquire
Solicitor General - DC

Jeremy R. Girton, Esquire
Assistant Attorney General

Copy mailed to:

Joanne Taylor-Cotten
12405 Gable Lane
Fort Washington, MD 20774

cml

## No. 24-CV-441

## IN THE DISTRICT OF COLUMBIA COURT OF APPEALS

**Joanne Taylor-Cotten**

**Appellant**

**2024-CAB-000108**

**V.**

**District of Columbia Government**

**Appellees**

On Appeal from a Final Order of the Superior Court of the District of Columbia

Civil Division, Case Nos. 2024-CAB-000108

Judge Shana F. Matini

### BRIEF OF THE APPELLANTS

Joanne Taylor-Cotten

12405 Gable

Fort Washington Md

20744

(202) 550-6702

JOANNETAYLORJ@AOL.COM

**LIST OF PARTIES**

In compliance with District of Columbia Court of Appeals Rule 289a) (2) A)

The Appellants certify that Joanne Taylor-Cotton were Plaintiffs in the District of Columbia Superior Court No. 2024-CAB-108

**Table of Contents**

ISSUES PRESENTED

Comes now Plaintiff respectively, Joanne Taylor- Cotten,

Pursuant to the common dispute between the District of Columbia Government, and agency District of Columbia Public Schools, Joanne Taylor-Cotten a former Professional School Counselor. For The District of Columbia Government, with sixteen years of fulltime excellence service with excellent evaluation a Counselor who was reinstated as a temporary employee another mistake, after a mistake concerning a Reduction In force and lost five Years of Service. Worked with Administration for The New Ballou High School. Plaintiff was excessed from Ballou High School involuntary transferred. Due to budget concerns Washington Teacher Union Contract states that when a position becomes available during the same year The excessed Former Counselor will transfer back when applying in that year 2015-2016. Breach of Washington Teachers Contract 43.6 page 26,43.3 and 6.4 step two of the grievance process was never followed. Plaintiff denies that she brought this matter up in 2023 She appealed in 2019-

2023. Due to Covid Statute of Limitation tolled case No.23-CV-411/No.23-CV-412 In 2023 District of Columbia Court accepted brief and then rejected stating it was not signed. Resubmitted In January 2024 never scheduled for a hearing. It is me right to a hearing case dismissed.

STATEMENT OF THE CASE

Exhibit 1.

Plaintiff appeals with Office of Employee Appeals and waited three years to be To hold hearing in Superior on evaluation process IMPACT Exhibit 2

Where a contract has a mediation clause and the Court dismisses for failure to participate in mediation the Statute of Limitations is tolled.

Statute of Limitations can be tolled that is extended. One doctrine that allows for tolling is the wrong doctrine. The continuous wrong doctrine is an exception to the rule that the Statute runs from the breach through no damage occurs until later. The damage is the loss of salary, loss of pension, loss of Social Security because the District of Columbia does not take out allowance for Social Security. There are financial losses for the entire family.

Washington Teachers Union Contract.  Exhibit

Arbitration was never scheduled. Plaintiff has witnesses former Principal Yetunde Reeves and Assistant Principal Shamille Straughter, including Charles Moore Representative Washington Teachers Union. Plaintiff is asking for 1.5 million dollars. The salary history that Plaintiffs made yearly was 111, 000 per year. The plaintiff has lost income, financial state is destroyed

and caused Plaintiff not to gain full time employment in 3 three years caused distress.  While this pleading of Breach of Contract the government has liability to pay, upon the breach between Joanne Taylor Cotten, Title Professional School Counselor ET 15 member of the Washington Teachers Union, after 16 years of service to the District of Columbia Schools. Sikon.Sky Aircraft Group. Vs. United States 773 F.3d 1315 C. Fed Cir 2014. Title 12 Right to Remedy, written on appendix. Law 22-311 by D.C law 22-311   Six years Rule 41 USC 7103(a) (4) (a). 12-301 (6) on a under seal with Washington Teachers Union 12 years.

The lower court affirmed because of a deadline. 7-751 breach of Contract DC law 15 years. -751- 14b the contract Dispute Act statute Limitation suggest that a government contract claim: Shall be submitted within six years after the accrued of the claim contract Disputes Act A "claim" a written demand or the assertion by the government or the contractor seeking the teacher, Counselor is pleading with the District of Columbia Government.  Plaintiff is pleading her claim of 1.5 million In Marcel Finance SAA Middlegate Securities Ltd, 203 AD. ed 467 1st Dept 2022) the plaintiff contracted with defendant Middlegate securities LTD to manage) plaintiffs contracted with defendant Middlegate securities LTD to manage) Plaintiffs they mismanaged the money and Plaintiff sued.

In Manipal Education Americas LLCv. Taufiq, 203 A.D. 3d 662(1stdept 2022 The first department found that a separate exercise of judgement and, thus a separate wrong was committed each time the Exit was hired, enabling the application continuing Wrong doctrine.

STATEMENT OF FACTS

My Claim has four Elements.

1.. The existence of a Contract

2. The performance by the Plaintiff Justification for Performance

3. Failure to perform the Contract

4. Resulting damages to The Plaintiff

W. Distrib, Co, Diosio, 841 p.2d 1053,1053 (colo. 19920

This is the claim an affidavit of truth factual evidence the complaint evidence

with the Washington Teachers Union and Former Budget Director for District of

Columbia Schools Sara Goldband. Plaintiff after sixteen years of service. Full time

for the District of Columbia Government, four years part-time for District of Columbia Schools.

Plaintiff has suffered due to breach of contract with the Washington Teachers Union contract concerning Joanne Taylor-Cotten. Breach of Contract was out authority of Office of Employee Appeals for District of Columbia. Plaintiff is in good standing worked with Administration to moved Ballou High School to New Ballou and worked as a Speech Therapist during the Receivership of Oak Hill, Juvenile detention Plaintiff has helped during 911 with the Takeover of Cardozo High School during an emergency evacuation. T

## CONCLUSION

There was a Counselors position available at Ballou High School 2015-2016 while involuntary transferred to Duke Ellington, School of the Arts to assist with the school's transition High School2014 and District of Columbia hired a Counselor from the outside 2015-2016 while an employee and member of the Washington Teachers Union. and agency again breached contract with Washington Teachers Union.  Joanne Taylor-Cotten entitled according to contract to transfer back to Ballou.

Former Counselor of the Year for District of Columbia, nominated by The District of Columbia School Counseling Association as an excellent Counselor, Sworn statement.

This is the truth the whole truth and nothing, but the truth so helps me God. Respectfully submitted.

Joanne Taylor-Cotten

Joanne Taylor Cotten

12405 Gable Lane

Fort Washington MD 20744



Exhibit 1

# Washington Teachers' Union

June 3, 2015

__Electronic Delivery__

Erin K. Pitts
Director, Labor Management & Employee Relations
District of Columbia Public Schools
1200 First Street, NE
Washington, DC 20002 .

Dear Ms. Pitts:

The Washington Teachers' Union hereby invokes this Step 2 grievance in accordance with Article 6 of the grievance and arbitration procedures as outlined in the Collective Bargaining Agreement dated October 1, 2007-September 30, 2012 and continuing in effect through the 2013-2014 school year (and on a continuing basis until a successor Agreement has been negotiated); between the Washington Teachers' Union and the District of Columbia Public Schools. This grievance is filed on behalf of Joanne Taylor-Cotten who is assigned to Ballou HS.

The grievance pertains to the unjust excessing of Ms. Cotten from Ballou HSI effective at the close of the 2014/2015 school year. Additionally, Ms. Cotten was recently restored to DCPS as the result of an OEA decision that has not been fully complied with.

The Washington Teachers' Union files this grievance under Article 4 and such other pertinent contract articles, policies, rules, and regulations. It is requested that the position to which Ms. Cotten is currently assigned be restored for the upcoming 2015/2016 school year. In other words, Ms. Cotten and the Washington Teachers' Union request that she be made whole.

Please contact me at cmoore@wtuloca16.net to arrange a mutually agreeable date and time for the grievance hearing.

Sincerely,

Charles R. Moore
Field Services

cc:

Joanne Taylor-Cotten
Elizabeth Davis

---

1239 Pennsylvania Avenue, SE    Washington, DC 20003  T: 202.517.1477 F: 202.517.0673    www.wtuloca16.org