**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| JOANNE TAYLOR-COTTEN,<br><br>　　　　*Plaintiff,*<br><br>v.<br><br>DISTRICT OF COLUMBIA<br>GOVERNMENT,<br><br>　　　　*Defendant.* | 1:25-cv-01718 (AHA) |

## <u>DEFENDANT DISTRICT OF COLUMBIA'S MOTION TO DISMISS</u>

Defendant District of Columbia Government (the District) respectfully moves to dismiss

the Complaint under Fed. R. Civ. P. 12(b)(1) and (6). The Complaint should be dismissed

because the Court lacks subject matter jurisdiction. Alternatively, Plaintiff is collaterally estopped

from relitigating the untimeliness of her claims. A memorandum of points and authorities in

support of this motion and a proposed order are attached.

Date:  October 15, 2025

Respectfully submitted,

BRIAN L. SCHWALB
Attorney General for the District of Columbia

CHAD COPELAND
Deputy Attorney General
Civil Litigation Division

*/s/ Steven N. Rubenstein*
STEVEN N. RUBENSTEIN [1013094]
Chief, Civil Litigation Division Section V

*/s/ Madeline Ochi*
MADELINE OCHI [90030264]
Assistant Attorney General
400 Sixth Street, NW
Washington, D.C. 20001
(202) 741-7657

Madeline.Ochi1@dc.gov

*Counsel for Defendant District of Columbia*

## CERTIFICATE OF SERVICE

I hereby certify that on October 15, 2025, I caused a copy of the foregoing District of

Columbia's Motion to Dismiss the Complaint and proposed order attached thereto to be served

by email and by mail upon:

Joanne Taylor-Cotten
12405 Gable Lane
Fort Washington, MD 20744
(202) 550-6702
joannetaylorj@aol.com
*Plaintiff pro se*

/s/ Madeline Ochi
MADELINE OCHI
Assistant Attorney General

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

JOANNE TAYLOR-COTTEN,

        *Plaintiff,*

    v.

DISTRICT OF COLUMBIA
GOVERNMENT,

        *Defendant.*

1:25-cv-01718 (AHA)

**MEMORANDUM OF POINTS AND AUTHORITIES**
**IN SUPPORT OF DEFENDANT DISTRICT OF COLUMBIA'S MOTION TO DISMISS**

**INTRODUCTION**

Plaintiff Joanne Taylor-Cotton, a former District of Columbia Public Schools (DCPS) employee, previously brought a breach of contract action against Defendant District of Columbia (the District) in the District of Columbia Superior Court. That action was dismissed by the trial court for being time-barred and that dismissal was affirmed by the District of Columbia Court of Appeals. Apparently unhappy with the outcome, Plaintiff filed this action. The District moves to dismiss the Complaint under Fed. R. Civ. P. 12(b)(1) and (6). The Court lacks jurisdiction for several reasons: it cannot review orders of the Superior Court and the D.C. Court of Appeals, Plaintiff's claims are barred by *res judicata*, Plaintiff asserts no federal question, the District is not subject to diversity jurisdiction, and Plaintiff's claims arising out of a collective bargaining agreement between the District of Columbia and its employees fall within the exclusive jurisdiction of the Public Employee Relations Board (PERB). Alternatively, Plaintiff is collaterally estopped from relitigating her the untimeliness of her claims and therefore fails to state a claim for which relief can be granted.

**FACTS**

On May 30, 2025, Plaintiff filed this lawsuit against the District. Compl. [1]. Plaintiff seemingly takes issue with the proceedings and outcome of an earlier breach of contract action against the District, which the Superior Court of the District of Columbia dismissed as time-barred. Plaintiff attaches the D.C. Court of Appeals Judgment affirming that dismissal to her Complaint. *See* Compl.; *see also* Judgment, *Joanne Taylor-Cotton v. District of Columbia, et al.*, 2024-CAB-000108 (Apr. 2, 2025). In that case, Plaintiff claimed that the District breached a collective bargaining agreement by not transferring her to Ballou High School to fill an open counselor position during the 2015–16 school year. The Court of Appeals held that the statute of limitations was not tolled by the Superior Court's various Covid-19 tolling orders, that the continuous wrong doctrine was not applicable to her claims, and, ultimately, that Plaintiff's breach of contract claim was time-barred. *See* Judgment, *Joanne Taylor-Cotton v. District of Columbia, et al.*, 2024-CAB-000108 (Apr. 2, 2025).

Plaintiff alleges that she previously worked as a school counselor with DCPS until she lost her job due to a reduction in force (RIF). *See* Compl. She alleges that there was an "er[ror]" with the RIF and that an administrative law judge with the District of Columbia Office of Employee Appeals ordered that she be reinstated in 2014 but that she was not reinstated. *See* Compl. She alleges that Washington Teachers Union (WTU) filed a grievance on her behalf, "Labor relations never scheduled the hearing and retalited against employee and lowed score," she was terminated, the statute of limitations was tolled, and "[she] filed again concerning breach and Courts affirmed only on the Statute of limitations." *Id.* Plaintiff is "seeking breach of contract under seal with the Washington Teachers Union." *Id.* Plaintiff seeks "lose of wages one million dollars over eight years. Lost of pension 100,000, lost of health care, , the continuing wrong doctrine One million in compensatory damages and 500,000 in punitive damages,

intentional infliction of emotional distress by her Principal DeSepe Devegas." *Id.*

## LEGAL STANDARD

### I.    Fed. R. Civ. P. 12(b)(1)

Fed. R. Civ. P. 12(b)(1) provides for the dismissal of an action for lack of subject matter jurisdiction. *See Prakash v. Am. Univ.,* 727 F.2d 1174, 1181 (D.C. Cir. 1984). A motion to dismiss under Fed. R. Civ. P. 12(b)(1) "presents a threshold challenge to the court's jurisdiction." *Morrow v. United States*, 723 F. Supp. 2d 71, 75 (D.D.C. 2010). Plaintiff has the burden to establish that the court has subject matter jurisdiction over his claims*, Lujan v. Defs. of Wildlife*, 504 U.S. 555, 561 (1992), and bears the burden to establish the factual grounds for the jurisdiction he invokes by a preponderance of the evidence, *see, e.g., Freedom Watch, Inc. v. McAleenan*, 442 F. Supp. 3d 180, 185 (D.D.C. 2020). "In deciding a motion to dismiss for lack of subject-matter jurisdiction, the district court need not limit itself to the allegations of the complaint . . . [and] may consider such materials outside the pleadings as it deems appropriate." *Huffman v. Kelly*, 239 F. Supp. 3d 144, 153 (D.D.C. 2017) (internal quotation marks omitted).

### II.    Fed. R. Civ. P. 12(b)(6)

Dismissal pursuant to 12(b)(6) is appropriate when a party has failed to set forth "a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). To survive a motion to dismiss, a plaintiff's "[f]actual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Bell Atl. Corp. v. Twombly*, 550 U.S. 554, 555 (2007). The Supreme Court has set forth a "two-pronged approach" for ruling on a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6). *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). While a court generally must consider a plaintiff's factual allegations as true, the court may first "identify[] pleadings that, because they are no

3

more than conclusions, are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Id.* Once the Court has determined that the plaintiff has asserted "well-pleaded factual allegations," the Court "should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Iqbal*, 556 U.S. at 679. "It is clear beyond cavil that '[i]f the allegations [in a complaint] show that relief is barred by the applicable statute of limitations, the complaint is subject to dismissal for failure to state a claim[.]'" *Washington Metro. Area Transit Auth. v. Ark Union Station, Inc.*, 268 F. Supp. 3d 196, 203 (D.D.C. 2017) (quoting *Jones v. Bock*, 549 U.S. 199, 215 (2007)).

## ARGUMENT

### I.     This Court Lacks Subject Matter Jurisdiction.

For several reasons, the Court lacks subject matter jurisdiction and should, accordingly, dismiss the Complaint.

*First*, if Plaintiff seeks direct review of the District of Columbia Court of Appeals judgment in *Joanne Taylor-Cotton v. District of Columbia, et al.*, 2024-CAB-000108, this Court lacks jurisdiction to do so. Under the *Rooker-Feldman* doctrine, federal courts lack jurisdiction to hear cases "brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284, (2005); *see also Richardson v. D.C. Ct. of Appeals*, 83 F.3d 1513, 1514 (D.C. Cir. 1996) (stating that under *Rooker-Feldman* doctrine, "federal district courts lack jurisdiction to review judicial decisions by state and District of Columbia courts"); *D.C. Court of Appeals v. Feldman*, 460 U.S. 462, 482 n.16 (1983) ("[L]ower federal courts possess no power whatever to

sit in direct review of state court decisions") (internal quotations omitted). So, if Plaintiff seeks district court review of a final judgment of the Court of Appeals, the Court lacks jurisdiction. *See Wall v. District of Columbia*, No. 25-5103, 2025 WL 2627957, at *1 (D.C. Cir. Sept. 5, 2025) (affirming dismissal based on *Rooker-Feldman*).

*Second*, if Plaintiff seeks to press her breach of contract claim in a new forum after losing in State court, rather than seeking review of the judgment, her claim is barred by *res judicata*. "The doctrine of *res judicata* prevents repetitious litigation involving the same causes of action or the same issues." *I.A.M. Nat'l Pension Fund, Benefit Plan A v. Indus. Gear Mfg. Co.*, 723 F.2d 944, 946 (D.C. Cir. 1983). In other words, it bars "successive litigation of the very same claim, whether or not relitigation of the claim raises the same issues as the earlier suit." *New Hampshire v. Maine*, 532 U.S. 742, 748 (2001); *see also Allen v. McCurry*, 449 U.S. 90, 94 (1980) ("Under *res judicata*, a final judgment on the merits of an action precludes parties or their privies from relitigating issues that were or could have been raised in that action." (citing *Cromwell v. Cnty. of Sac*, 94 U.S. 351, 352 (1876))). The defense of *res judicata* is jurisdictional in character. *Stanton v. Dist. of Columbia Ct. of Appeals*, 127 F.3d 72, 77 (D.C. Cir. 1997). "Under the doctrine of *res judicata*, or claim preclusion, a subsequent lawsuit will be barred if there has been prior litigation (1) involving the same claims or cause of action, (2) between the same parties or their privies, and (3) there has been a final, valid judgment on the merits, (4) by a court of competent jurisdiction." *Smalls v. United States*, 471 F.3d 186, 192 (D.C. Cir. 2006). Here, all four elements are met; Plaintiff sued the District for breach of contract based on the teacher's union's contract with DCPS and there was a final judgment on the merits by a court of competent jurisdiction. *See* Judgment, *Joanne Taylor-Cotton v. District of Columbia, et al.,* 2024-CAB-000108 (Apr. 2, 2025). Accordingly, *res judicata* bars relitigation of Plaintiff's

breach of contract claim, and any other claims that could have been raised in that proceeding. *See Drake v. F.A.A.*, 291 F.3d 59, 66 (D.C. Cir. 2002). Thus, Plaintiff cannot assert her breach of contract claim again, or new claims based on the same nucleus of fact, such as intentional infliction of emotional distress, when she could have raised them before.

*Third*, Plaintiff asserts no federal question. "A plaintiff properly invokes § 1331 jurisdiction when [he] pleads a colorable claim 'arising under' the Constitution or laws of the United States." *Anderson v. Wiggins*, 460 F. Supp. 2d 1, 7 (D.D.C. 2006) (quoting *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 501 (2006). Here, Plaintiff invokes federal question jurisdiction on the basis of U.S.C. § 2501, 41 U.S.C. § 7103(a), and 28 U.S.C. § 2462, but her Complaint alleges only a breach of contract claim (and, fleetingly, an IIED claim). And the statutes she cites provide no private cause of action. 28 U.S.C. § 2501 governs the time for filing suit in the United States Court of Federal Claims and therefore does not apply. *E.g.*, *Friedman v. U.S.*, 310 F.2d 381, 384 (Ct. Cl. 1962). 41 U.S.C. § 7103(a) involves contractors' claims submitted to the federal government which also does not apply. *See* Compl. 28 U.S.C. § 2462 supplies the statute of limitations for government enforcement actions for civil penalties and therefore Plaintiff cannot bring an action under 28 U.S.C. § 2464. Because 28 U.S.C. § 2501, 41 U.S.C. § 7103(a), and 28 U.S.C. § 2462 do not supply a cause of action, and Plaintiff only states that she is "seeking breach of contract," Compl., Plaintiff fails to establish federal question jurisdiction. *See, e.g., Alexander v. Lemonade, Inc.*, 2023 WL 2092652 (D.D.C. Apr. 26, 2023) (noting that "a breach of contract claim is not a federal question"); *RGI Events & Pub. Relations, LLC v. Al Qurm Mgmt. Consultancy*, No. 18-cv-1828 (BAH), 2019 WL 935498 at *2 n.1 (D.D.C. Feb. 26, 2019) ("D.C. law claims for breach of contract, misappropriation of trade secrets, and tortious interference do not remotely raise a federal question.").

*Fourth*, Plaintiff fails to establish diversity jurisdiction. To do so, a plaintiff must show that all plaintiffs are citizens of different states than all defendants. *In re Lorazepam & Clorazepate Antitrust Litig.*, 631 F.3d 537, 541 (D.C. Cir. 2011) ("[D]iversity jurisdiction does not exist unless *each* defendant is a citizen of a different state from *each* plaintiff." (internal quotation marks omitted)). But the presence of the District as a party defeats diversity jurisdiction here because the District is not subject to the diversity jurisdiction of the federal courts. *See, e.g.*, *Barwood, Inc. v. District of Columbia*, 202 F.3d 290, 292 (D.C. Cir. 2000); *Long v. District of Columbia*, 820 F.2d 409, 413–14 (D.C. Cir. 1987) ("when a person attempts to sue the District under the diversity statute," the District is treated "like the fifty states" and, thus, "is not subject to diversity jurisdiction" (citation modified)); *see also Postal Telegraph Cable Co. v. State of Alabama*, 155 U.S. 482, 487 (1894) ("A state is not a citizen. . . . [I]t is well settled that a suit between a state and a citizen . . . of another state is not between citizens of different states."). Because Plaintiff cannot establish diversity jurisdiction, the Court should dismiss the Complaint for lack of subject matter jurisdiction. *See Prakash*, 727 F.2d at 1181 (concluding that if a court finds that diversity does not exist, it must, absent another basis for federal jurisdiction, dismiss the case under Rule 12(b)(1)).

*Finally*, claims arising out of a collective bargaining agreement between the District of Columbia and its employees fall within the exclusive jurisdiction of the Public Employee Relations Board (PERB). *See* D.C. Code § 1–617.02(b)(2) (charging PERB with the establishment of a labor-management relations program, including "[t]he resolution of unfair labor practice allegations"). Plaintiff's common law breach of contract claim is based on DCPS's actions as her employer, and therefore falls within PERB's exclusive jurisdiction. *See Younger v. D.C. Pub. Sch.*, 60 F. Supp. 3d 130, 142 (D.D.C. 2014) (dismissing Plaintiff's common law

7

breach of contract claim against DCPS based on lack of subject matter jurisdiction); *Dickerson v. District of Columbia*, 70 F. Supp. 3d 311, 321 (D.D.C. 2014) ("The Court concludes that it lacks jurisdiction over the plaintiffs' claim for breach of contract, which falls squarely within the preemptive scope of the CMPA."). Notably, "where PERB has jurisdiction over a claim, a litigant cannot bypass PERB's jurisdiction by bringing the same action as a common law claim." *Cooper v. AFSCME, Local 1033*, 656 A.2d 1141, 1144 (D.C. 1995). When a party refuses or fails to implement an award or negotiated agreement where no dispute exists over its terms, such conduct may constitute an unfair labor practice under the CMPA. *D.C. Metro. Police Dep't v. Fraternal Order of Police/Metro. Police Dep't Labor Comm.*, 997 A.2d 65, 79–80 (D.C. 2010). Thus, the D.C. Court of Appeals has held that an employer's refusal to comply with a grievance award is properly addressed by filing an unfair labor practice complaint with PERB under § 1–605.02(3), and review of PERB's determinations must be had in the Superior Court of the District of Columbia. D.C. Code § 1-617.13(c).

Accordingly, for these reasons, the Court lacks subject matter jurisdiction.

## II. <u>**Plaintiff's Claim for Breach of Contract is Time-Barred.**</u>

Alternatively, Plaintiff is collaterally estopped from relitigating the untimeliness of her claims.

Collateral estoppel prevents a party from relitigating an issue that has already been decided, even if there has not been a judgment on the merits. *See Jackson v. Off. of the Mayor of D.C.*, 911 F.3d 1167, 1171 (D.C. Cir. 2018). Under the doctrine, "an issue of fact or law that was already litigated and necessarily decided is conclusive in a subsequent action between the same parties or their privies." *McAlister v. Potter*, 843 F. Supp. 2d 117, 120 (citing *Allen*, 449 U.S. at 94). The doctrine bars "'successive litigation of an issue of fact or law actually litigated and

resolved in a valid court determination essential to the prior judgment, even if the issue recurs in the context of a different claim.'" *Ollar v. District of Columbia*, No. CV 19-1847 (FYP), 2022 WL 407144, at *7 (D.D.C. Feb. 10, 2022) (quoting *Taylor v. Sturgell*, 533 U.S. 880, 892 (2008)). So, if Plaintiff established this Court's subject matter jurisdiction, her Complaint would still be subject to dismissal because her claim for breach of contract, and other common law claims intertwined with the facts underlying that claim, such as IIED, are barred by the applicable statute of limitations. Under the D.C. Code, claims for breach of a contract must be brought within three years of when the contract was allegedly breached, D.C. Code § 12-301(7), and the residual limitations period for unenumerated claims, like IIED, is also three years, *id.* § 12-301(8).

Here, as in her State court action, Plaintiff alleges DCPS breached its contract with WTU. *See* Compl. But Plaintiff did not bring this lawsuit until May 30, 2025—at least ten years after the alleged harm occurred, and even later than her State court action. *See* Dkt. And the Court of Appeals has already found that she cannot avoid the statute of limitations based on tolling or the continuous wrong doctrine. *See* Judgment, *Joanne Taylor-Cotton v. District of Columbia, et al.*, 2024-CAB-000108 (Apr. 2, 2025) (affirming trial court's dismissal of Plaintiff's breach of contract action filed on January 19, 2024 as barred by the three-year statute of limitations). Accordingly, the legal conclusions in State court on the statute of limitations conclusively resolves the untimeliness of Plaintiff's claims here. Accordingly, Plaintiff's claims are time-barred, and the Court should dismiss the Complaint.

## CONCLUSION

For these reasons, the Court should grant the District's motion and dismiss the Complaint.

Date:  October 15, 2025                    Respectfully submitted,

BRIAN L. SCHWALB

9

Attorney General for the District of Columbia

CHAD COPELAND
Deputy Attorney General
Civil Litigation Division

/s/ Steven N. Rubenstein
STEVEN N. RUBENSTEIN [1013094]
Chief, Civil Litigation Division Section V

/s/ Madeline Ochi
MADELINE OCHI [90030264]
Assistant Attorney General
400 Sixth Street, NW
Washington, D.C. 20001
(202) 741-7657
Madeline.Ochi1@dc.gov

*Counsel for Defendant District of Columbia*

**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

|  |  |
|---|---|
| JOANNE TAYLOR-COTTEN,<br><br>　　　　　*Plaintiff,*<br>　v.<br><br>DISTRICT OF COLUMBIA<br>GOVERNMENT,<br><br>　　　　　*Defendant.* | 1:25-cv-01718 (AHA) |

**ORDER**

Upon consideration of Defendant District of Columbia's Motion to Dismiss the

Complaint, the memorandum of points and authorities in support thereof, any opposition and

reply thereto, and the entire record, it is this __ day of _____, 202__, hereby,

　　ORDERED that Defendant's Motion is **GRANTED**; and it is further

　　ORDERED that the Complaint is **DISMISSED**.

　　**SO ORDERED**.

　　　　　　　　　　　　　　　　　　　_____

　　　　　　　　　　　　　　　　　　　Amir H. Ali
　　　　　　　　　　　　　　　　　　　United States District Judge

CC:　Joanne Taylor-Cotten
　　　*Plaintiff pro se*

　　　Madeline Ochi
　　　Assistant Attorney General
　　　*Counsel for the Defendant District of Columbia*

11