UNITED STATES DISTRICT COURT

CIVIL DOCKET FOR CASE 1:25-cv-01718 ~ AHA

**Motion Not to Dismiss**

**Plaintiff**

**Joanne Taylor-Cotten**

12405 Gable Lane

Fort Washington MD 20744

**Vs Defendants**

**District of Columbia Government**

Agency

**Mayor   Muriel Bowser**

**District of Columbia Public Schools**

Respectfully Submitted

*[signature]* Joanne Taylor-Cotten
12/11/2025

RECEIVED

DEC 1 1 2025

Clerk, U.S. District & Bankruptcy
Courts for the District of Columbia

Now comes plaintiff respectively Mrs. Joanne Taylor- Cotten (employee was employed with

District of Columbia School as

Professional School Counselor from April 18, 1994, reinstated On September 15, 2014, and

Did not receive backpay of $500.000 after OEA matter 2401-0099-10.

 Pleading. on Competitive Level Document form OEA matter 2401-0099-10 and suffered

hardship during her five years.

The office has jurisdiction in this matter pursuant to D.C. code. Official Code 1-606.03

OEA Rule 628.1 59DCR 2129 (march16, 2012) states.

The burden of proof regarding material issues of fact shall be by a preponderance of evidence.

"Preponderance of evidence 'shall mean. The Washington Teachers union Contract is a sealed.

document. The truth. Evidence submitted. Filled in Court of Appeals in Appendix.

Statute of Limitations tolled 12-301(a) (6) document DC Code under seal.

That degree of relevant evidence which a reasonable mind, considering the record accept as

sufficient to find a contested fact more probably true than untrue.

See Exhibits 1

ISSUES

1. Statute of Limitation Tolled

1. Whether Agency Actions were taken for cause Breach of Contract

2. Whether the penalty imposed was appropriate under the circumstances IMPACT evaluation tool.

Pleading, Plaintiff, Joanne Taylor-Cotten, is throwing herself at the mercy of this court. loss of

1.

pension loss assets after 16 years of excellent full-time service due to retaliation of being the

only Defendant of 266 teachers reinstated with a salary of $111,000 per year according to. With

a step and raise and cost of living increase the salary would exceed $150,000 per year.

 Plaintiff is respectively asking the court Motion not to dismiss.

Plaintiff is requesting to reopen her case due to twenty years of services as a Counselor,

Teacher helping thousands of students with social emotional problems, helping students apply.

to college for admissions and Scholarships and Counselor of the Year 2006 from The District of

Columbia School Counseling Association. Citation helping families in Title One Schools  from

The United States Coast guard. And lost her EIGHT YEARS AND SUFFERED DUE TO A MISTAKE

ON A Reduction in force 2009 reinstated 2014 Reinstated in 2014 and never received full back

pay of 500, 000. Settlement agreement Paid attorney fees only of 50,000 a settlement.

agreement. Next, Plaintiff used IMPACT to terminate Plaintiff after her reinstatement when she

moved. Defendant Erred stated that this case repeated many breaches of contract.

including IMPACT was affirmed lower court because attorney missed filing deadline. This is a
different case of breach of contract with the

Washington Teachers Union for reinstating Plaintiff and excess her to another school.

Involuntary transfer. The Washington Teachers union Contract States is that when a position is.

available for an employee is involuntary transferred, they shall return to the position if an

opening becomes available the employee is returned to that school Ballou High School.

Defendant ignored the request by Principal Yetunde Reeves, witness, and hired a Counselor.

2.

from the outside. This is the breach of contract under seal twelve years.

Respectfully this Court

does not have Lack jurisdiction over District of Columbia. The law states 12 years for a contract

under sealed. There was a tolling period. In addition, I Plaintiff followed the rules of Civil.

Procedure. District of Columbia Office of Employes Appeals this was out of their jurisdiction.

Retaliation, Discrimination. Evidence contacted Office of Civil Rights, Evidence contacted EEOC,

evidence, contacted OPM affirmed because Lawyer did not submit answer. The truth.

Judge Epstein from District of Columbia Superior Court was going to let Plaintiff go to trial.

attorney was late with answer affirmed. Next District of Columbia Court of Appeals affirmed.

due to statute of Limitations only.

The wrong Doctrine after twenty years of service. An

excellent employee with District of Columbia Public Schools.

This is due to a budget shortfall at

Duke Ellington School of the arts. Plaintiff filed a grievance. Exhibit One.

The transcripts were filed Plaintiff is asking to consider all facts in this case.

Please consider the precedent case of AAA No.16-20-1300-0499 in the Arbitration of District of

Columbia Public School and The Washington Teachers Union, Local 6

Please consider Washington Teachers Union vs. District of Columbia Public School 17 cv-1156
(DC. 19)

3.

*There was a break in service of five years and Carl Turpin Attorney for DCPS oversaw my reinstatement. "Stated to me that the years of service would be reinstated." I would to be made whole" a permanent under settlement agreement employee and this never happened.*

This case exhibits similarities that were preserved in Levitt vs District of Columbia office of employee appeals 869 A, 2d 364 (D.C. 2005) the agency made changes when there was permanent. positions available.

ANALYSIS and Conclusions of Law the Court

In EL-Amin V. District of Columbia Dept. of Public Works held That OEA may have jurisdiction over an unlawful retaliation complaint if the employee is "contending that she was targeted for whistle blowing. to the Union or that her complaint of a retaliatory RIF is different for jurisdiction purposes from an independent complaint unlawful retaliation.

Under the bargaining agreement with The Washington Teachers Union, Excessed staff is due to a budget.

shortfall except in a RIF.

Whether Agency's adverse was taken for cause. There were mistakes on the IMPACT final evaluation.

form spaces left blank of second method of contact. IMPACT clearly states that a meeting must take place.

place 2014 -2015 with administrator and Administrator forgot. Check Exhibit 1 Evidence Never submitted by OEA opposing attorney Nicole Dillard Esq. I have faith in Justice as a certified Paralegal to reconsider case needs to be reprimanded back to OEA.

Therefore, reinstated after five years and settlement to reinstate years of service did not happen for Plaintiff. DC attorney Carl Turpin Esq. stated I would receive reinstatement of five years of service. because of the RIF 2009 DC Personnel Regulations Chapter 11 B The Standard form 11b-11 request for back pay not submitted and signed.

4.

2014-2015 which caused Mrs. Taylor-Cotten upon reinstatement to two schools late in the year to be as an excess staff and where no staff development or meeting took place with both principals only during

The course three times a year concerning IMPACT is unwarranted.

4.

Brief Summary

After reinstated because OEA Joseph Lim was reprimanded by the Broad of Employees Appealed after

RIF in 2009 Mrs. Taylor-Cotton was reinstated in 2014 to work as excess at Ballou high School and

Duke Ellington School of the Arts. Received low evaluations and was terminated after 2nd year.

Duke Ellington School of the Arts the Terminated 2016 Principal Ms. DeVargas was terribly upset because.

She hired two other Counselors and Mrs. Taylor- Cotten arrived in September 2015 with no notice from

personnel Director Sara Goldband, who reinstated Plaintiff 2014 and there was a budget shortfall, and

used IMPACT to terminate employee without just cause.

 Mrs. De Vargas, terribly upset and went Discussed matter with Assistant Superintendent Mr. Shay retired.

DCPS to get Mrs. Cotten transferred the budget shortfall. Principal Gave Mrs. Taylor-Cotten, task that.

We're not Counselors ET 15 job description, as a professional School Counselor. Breach of Contract again,

Breach of Contract under professional School Counselors.

No private office, no telephone. Mrs. Taylor-Cotten, Complained to Union Washington Teachers Union

Official and Union wrote letter.

Mrs. DE Vargas was incredibly angry with the letter from union and Ms. Taylor-Cotten submitted building.

request of fixing ceiling Due to collapse. Parking lot fixers and rodents in office and Cafeteria.

5.

The principal gave me a low evaluation due to budget shortfall witness submitted,

There was no PIP Performance Improvement Plan  1410-10 under Comprehensive Merit personnel Act.

of 1978 (CMPA effective March 3, 1979

1410.6 failures on the part of the Supervisor or his absence of that individual to review the issue of a

written decision within the specified time will result in the employee having meant the PIP.

requirements performance me

(DC. Law 2-139) D.C. official Code 1-608.0192006.

It is unwarranted Students test scores were top five in the district. Graduation rate of students 98%.

Evidence showed she reached out to Sara Gold band, Director of personnel DCPS for a budget.

position, Carl Turpin Esq, Attorney DCPS to oversee reinstatement to a permanent position.

Upon meeting Mrs. DE Vargas, she refused Ms. Taylor-Cotten to attend City Wide staff development.

with other School Counselors and WEEKLY Staff development with teachers no follow up meeting held

after first Impact Score developing. I requested evidence.

The IMPACT guidelines in 2014-20 state that Administrator must meet with Teacher to adhere to

The IMPACT process This is a fact.

The IMPACT final form was form was left blank under method of second contact Fact.

Joanne Taylor-Cotten is claiming one million five hundred dollars in punitive damages and includes.

500,000 of back pay Plaintiff never received from settlement agreement 2014 reinstatement. plaintiff is.

pleading with this court for justice. Affirmed.

This Breach of contract involves Excess employees, and the District of Columbia Schools did not transfer.

Employees at Ballou High School were in an open position according to contract.

6.

7.

Certificate of Service

I hereby certify that on the day 11 of  December 2025

I placed a true and correct copy of the Motion Not to Dismiss

Mailed by US mail

**Madeline Ochi**

Office of the Attorney General for the District of Columbia

400 6th Street N.W.

Washington DC 20001

441 4th Street N.W Suite 1145S

Washington DC 20001

I declare under penalty of perjury that the foregoing is true and correct.

Submitted

Plaintiff

By Joanne Taylor-Cotten

12/11/2025