**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

JOANNE TAYLOR COTTEN,

     *Plaintiff*,

  v.

DISTRICT OF COLUMBIA
GOVERNMENT,

     *Defendant*.

Civil Action No. 25-01718 (AHA)

## <u>Memorandum Opinion</u>

Joanne Taylor Cotten sues the D.C. government and appears to assert a claim for breach of a collective bargaining agreement between the Washington Teachers' Union and D.C. Public Schools. ECF No. 1 at 4–5; *see* ECF No. 1-3. Cotten alleges the District did not follow an order from its Office of Employee Appeals "to reinstate [her] as a whole" after she lost her job following a reduction in force. ECF No. 1 at 4–5; ECF No. 10 at 2, 4. She also alleges that she was terminated following her reinstatement "due to budget constraints" and not "due to poor performance." ECF No. 1 at 4–5; ECF No. 10 at 2, 5. In addition, Cotten appears to take issue with a D.C. Court of Appeals judgment affirming the dismissal of an earlier suit she filed concerning a claim for breach of the collective bargaining agreement. ECF No. 1 at 4–5; *see* ECF No. 1-10 at 1, 3–4. The District moves to dismiss for lack of subject matter jurisdiction and failure to state a claim. ECF No. 7. For the reasons below, the court grants the District's motion to dismiss.[1]

---

[1]  As required at the pleading stage, the court accepts the complaint's well-pled factual allegations and draws all reasonable inferences in Cotten's favor. *Banneker Ventures, LLC v. Graham*, 798 F.3d 1119, 1129 (D.C. Cir. 2015).

To proceed in federal court, a plaintiff's complaint must plausibly establish federal subject matter jurisdiction. *See Shuler v. United States*, 531 F.3d 930, 932 (D.C. Cir. 2008). In considering whether the complaint does so, the court must "assume the truth of all material factual allegations in the complaint and 'construe the complaint liberally, granting plaintiff the benefit of all inferences that can be derived from the facts alleged,' and upon such facts determine jurisdictional questions." *Am. Nat'l Ins. Co. v. FDIC*, 642 F.3d 1137, 1139 (D.C. Cir. 2011) (citations omitted). Because Cotten is proceeding pro se, the court is careful to give extra leeway, evaluating the complaint "in light of all filings." *Ho v. Garland*, 106 F.4th 47, 50 (D.C. Cir. 2024) (quotation marks omitted) (quoting *Brown v. Whole Foods Mkt. Grp., Inc.*, 789 F.3d 146, 152 (D.C. Cir. 2015)).

Cotten's complaint does not allege a basis for subject matter jurisdiction. The jurisdiction of the federal district courts is generally limited to when a "federal question" is presented or the parties are citizens of different states and more than $75,000 is in controversy. *See* 28 U.S.C. §§ 1331, 1332. Cotten's complaint does not present a federal question. Cotten appears to assert a breach of contract claim, and possibly an intentional infliction of emotional distress claim, against the District under D.C. law. *See* ECF No. 1 at 4–5. None of the statutes Cotten invokes provide an applicable federal cause of action, and the court cannot independently discern any basis for federal question jurisdiction from the facts alleged in the complaint. *See* ECF No. 1 at 3; ECF No. 10 at 1; *Johnson v. Robinson*, 576 F.3d 522, 522 (D.C. Cir. 2009) (per curiam) ("Federal court jurisdiction must affirmatively appear clearly and distinctly." (cleaned up)). The complaint also does not allege diversity jurisdiction. Cotten brings her complaint against the D.C. government, but it is well-established that "the District is not subject to the diversity jurisdiction of the federal courts" because it is not considered a "citizen" of a state. *Long v. District of Columbia*, 820 F.2d

409, 414 (D.C. Cir. 1987). Accordingly, the court lacks subject matter jurisdiction over Cotten's complaint.

Additionally, to the extent Cotten's complaint seeks relief from a decision of the D.C. Court of Appeals, this court does not have subject matter jurisdiction to consider it. Under the *Rooker-Feldman* doctrine, federal district courts may not hear "cases that amount to the functional equivalent of an appeal from a state court." *Gray v. Poole*, 275 F.3d 1113, 1119 (D.C. Cir. 2002); *see also Rooker v. Fid. Trust Co.*, 263 U.S. 413 (1923); *D.C. Ct. of Appeals v. Feldman*, 460 U.S. 462 (1983). This prevents federal courts from considering issues that are "so inextricably intertwined with a state court decision that the district court is in essence being called upon to review the state-court decision." *Stanton v. D.C. Ct. of Appeals*, 127 F.3d 72, 75 (D.C. Cir. 1997) (quotation marks and citation omitted). Cotten's complaint refers to a D.C. Court of Appeals judgment affirming the dismissal of an action she brought asserting that the District breached the collective bargaining agreement between the Washington Teachers' Union and D.C. Public Schools by failing to transfer her to a specific high school to fill an open counselor position. ECF No. 1 at 4; *see* ECF No. 1-10. Cotten appears to request relief from that judgment and challenges the D.C. Court of Appeals' statute of limitations analysis. *See* ECF No. 1 at 4 (asserting that the "Courts affirmed only on the Statute of limitations" but the "statute of limitations was tolled"); ECF No. 10 at 2 (requesting that the court "reopen her case"); ECF No. 10 at 3 (asserting that the "District of Columbia Court of Appeals affirmed" due "to statute of Limitations only," which Cotten appears to argue is the "wrong Doctrine"). To the extent Cotten's action asks this court to review the propriety of the D.C. Court of Appeals' decision, it is barred by *Rooker-Feldman*.[2]

---

[2]    Cotten's suit also appears to be barred by the doctrine of res judicata. "Under the doctrine of res judicata, or claim preclusion, a subsequent lawsuit will be barred if there has been prior

3

For these reasons, the District's motion to dismiss is granted and this action is dismissed without prejudice. A separate order accompanies this memorandum opinion.

_____
AMIR H. ALI
United States District Judge

Date:   May 5, 2026

_____

litigation (1) involving the same claims or cause of action, (2) between the same parties or their privies, and (3) there has been a final, valid judgment on the merits, (4) by a court of competent jurisdiction." *Smalls v. United States*, 471 F.3d 186, 192 (D.C. Cir. 2006). Cotten's previous suit against the District for breach of the collective bargaining agreement involved the same parties and appears to involve the same claims or cause of action. *See* ECF No. 1-10 at 3–4. That suit resulted in a final judgment on the merits by the D.C. Court of Appeals. *See id.*

4